UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK L. RISHOR,<br><br>                Petitioner,<br><br>    v.<br><br>BOB FERGUSON,<br><br>                Respondent. | Case No. C11-1492-MJP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION, and GRANTING PETITIONER's MOTION TO SUPPLEMENT OBJECTIONS |

This matter is before the Court on Petitioner's Objections (Dkt. No. 38) to the Report and Recommendation of the Honorable Magistrate Judge James P. Donohue (Dkt. No. 35). Also before the Court is Petitioner's motion to file a supplemental attachment to his Objections. (Dkt. No. 39.) The Court GRANTS Petitioner's motion to supplement his Objections with the attachment provided by Petitioner, and the Court has considered the attachment with Petitioner's Objections. The Court considered the Report and Recommendation, Petitioner's Objections, and all relevant documents.

Petitioner's Objections to the Report and Recommendation ("R&R") are not well taken. Petitioner first objects to the finding in the R&R that Petitioner's right to counsel was not

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 1

violated, arguing he was not properly given a hearing under Faretta v. California, 422 U.S. 806 (1974) when his case was remanded in the state court system. (Dkt. No. 38 at 3.) Petitioner argues the R&R ignored the federal law he cited stating he was entitled to such a hearing. The R&R did not fail to address this argument; it noted instead the state court validly concluded Petitioner was not entitled to a second Faretta hearing where his original waiver of counsel was properly made. (Dkt. No. 35 at 13.) Petitioner makes no new argument in his Objections, and the R&R is ADOPTED on this point.

Petitioner's second objection goes to his claims of failure to arraign and lack of notice of charges. (Dkt. No. 38 at 3.) The R&R notes that an individual who voluntarily and intelligently pleads guilty to a criminal offense may not seek collateral relief in federal habeas proceedings based on antecedent constitutional infirmity. (Dkt. No. 35 at 10, citing Tollett v. Henderson, 411 U.S. 258, 266-67 (1973)). Petitioner asserts his case falls under an exception to this rule because he has a "meritorious claim of prosecutorial vindictiveness." For this proposition he cites Blackledge v. Perry, which held a challenge to the right of the state to initiate proceedings at all is not a challenge to antecedent constitutional infirmity of the kind discussed in Tollett, . 417 U.S. 21, 30-31 (1974).

In Blackledge, a petitioner exercised a right to a de novo retrial after a misdemeanor conviction, at which point prosecutors charged a felony offense for the same conduct. Id. at 23. The Supreme Court found the prosecutorial vindictiveness of increasing the charge for the retrial was a due process violation: the state had no right to bring those charges in the first place, and a guilty plea did not waive petitioner's right to challenge the vindictive charge. Id. at 28-29. Here, Blackledge does not alter the impact of Tollett's limitations because Petitioner does not have a meaningful claim of prosecutorial vindictiveness. See, United States v. Garza-Juarez, 992 F.2d

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 2

896, 907 (9th Cir. 1993). Although Petitioner was not originally convicted on first degree assault, Petitioner was initially charged with first degree assault; there is no indication there was any prosecutorial vindictiveness by bringing that same charge on remand. Petitioner's arguments are appropriately addressed in the R&R. (Dkt. No. 35 at 10.) The R&R is ADOPTED on this point.

The Court does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation.

(2) Petitioner's federal habeas petition (Dkt. No. 4) is DENIED and this action is DISMISSED with prejudice.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to all claims asserted in the petition.

(4) The Court GRANTS Petitioner's motion to supplement his Objections and has considered the supplemental document.

(5) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable James P. Donohue.

DATED this 12th day of January, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS - 3