UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK L RISHOR,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. C11-1492 MJP

ORDER ON PETITIONER'S RULE 60(B)(3)(6) MOTION

The above-entitled Court, having received and reviewed:

1. Petitioner's Rule 60(b)(3)(6) Motion (Dkt. No. 34),

2. Respondent's Response to Motion (Dkt. No. 36),

3. Petitioner's Reply to the Attorney General's Response/Rule 60(b) (Dkt. No. 37),

all attached declarations and exhibits, and relevant parts of the record, rules as follows:

IT IS ORDERED that Petitioner's motion is DENIED.

**Background**

On September 9, 2011, Petitioner filed a § 2254 habeas petition challenging his 2007 state conviction. Dkt. No. 1. Although the Court initially denied relief (Dkt. No. 40), upon Petitioner's motion for reconsideration (Dkt. No. 43), the Court set an evidentiary hearing for October 22, 2014. (Dkt. No. 59). Petitioner was in custody in Lompoc, California; on May 23, 2014, the Court, finding that "the interests of justice require that Petitioner be appointed counsel to represent him in the matter," referred him to the CJA Panel for appointment of an attorney "to represent Petitioner in the above-entitled matter." Dkt. No. 51, Order Referring Petitioner for Appointment of Counsel.

The docket reflects that "the Court deemed the matter sufficiently complex to require the assistance of counsel for Petitioner" (Dkt. No. 53); on May 28, 2014, attorney Todd Maybrown was appointed as counsel for Petitioner. Dkt. No. 52. Maybrown was directed to familiarize himself with the case and given 45 days to file a reply brief in answer to the Government's response to Petitioner's motion for reconsideration. Dkt. No. 53 at 1.

Following the October 22 hearing, the Court granted Rishor's motion for reconsideration and his habeas petition. Dkt. No. 65. The State of Washington appealed the order (Dkt. No. 67), but, according to Petitioner's uncontroverted assertion, "the Clerk of the Court notified Todd Maybrown and failed to notify Petitioner." Dkt. No. 78, Motion at 2. Petitioner further alleges that Maybrown never notified him of the appeal, but instead filed an appellate brief on his own, a brief which Petitioner claims "left out one of Petitioner's strongest arguments – No Notice of Charges/Failure to Arraign." Id. The Ninth Circuit reversed this Court and remanded the matter for reinstatement of the original order denying habeas relief. Dkt. Nos. 71, 75. Pursuant to that

remand, this Court entered judgment denying the habeas petition and Petitioner's motion for reconsideration, and finding instead for the Respondent. Dkt. No. 76.

Petitioner attempted to overturn the appellate reversal on grounds of ineffective assistance of counsel. (*See* C18-708MJP.) That effort met with failure when it was characterized as a § 2254 petition (Dkt. No. 25) and then denied as an improperly filed second and successive request for habeas relief. Dkt. No. 32.

The instant motion under FRCP 60(b) is Petitioner's attempt to find a procedure congruent with federal civil procedure to "erase" the results of Maybrown's "unauthorized" filings on his behalf and "re-set" the case back to a point where he could respond on his own behalf to the appeal of this Court's granting of habeas relief. As Petitioner puts it, "It would seem that a nunc pro tunc order back to December 3, 2014, could fix the problem." Dkt. No. 78, Motion at 6.

## Discussion

Petitioner attempts to make his case under two provisions of FRCP 60(b):

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \* \* \*
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
> \* \* \*
> **(6)** any other reason that justifies relief.

USCS Fed Rules Civ Proc R 60(b).

From the outset, his motion under FRCP 60(b)(3) is non-meritorious. First of all, it must be predicated on "fraud… misrepresentation, or misconduct *by an opposing party*." Regardless

of how attorney Maybrown's conduct is characterized, he cannot be considered an "opposing party" of Petitioner.

Second of all, Rishor's attempt to portray what Maybrown did as a "fraud upon the court" is simply unpersuasive. Under the federal rules for "Adequate representation of defendants," it states that

> A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate [United States magistrate judge] or the court through appeal, including ancillary matters appropriate to the proceedings.

18 USCS § 3006A(c). There is no evidence that attorney Maybrown was doing anything other than what appointed counsel are supposed to do – representing his client "through appeal." Whether or not appointed counsel's actions reflected what Petitioner desired or intended, nothing Maybrown did is fairly characterized as fraudulent or misrepresentative.

Finally, there is a one-year statute of limitations on FRCP 60(b)(3) claims, and Petitioner is far past the statutory expiration date.

If Petitioner had any chance of success, it would be under FRCP 60(b)(6), "any other reason that justifies relief." There is some precedent for this approach, so long as the 60(b)(6) motion does not raise a § 2244 "claim" related to the validity of the underlying state conviction; i.e., does not assert a "federal base for relief from a state court's judgment or conviction." Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005). The distinction which must be drawn is the one between additional habeas "claims" and asserted improprieties in the habeas proceedings themselves:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts… That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

Id. at 531-32. It is clear to the Court that Petitioner is raising allegations of "some defect in the integrity of the federal habeas proceedings." Unfortunately, he is still not entitled to relief from this court.

The Court understands that it is Petitioner's position that Maybrown was appointed to represent him (1) "[f]or the Court's convenience," and (2) "only for that [October 22, 2014] hearing." Motion at 1. However, he cites no evidence anywhere in the record for that assertion other than his own understanding and belief. The Court has examined the record thoroughly (including a transcript of the October 22 proceeding) and there is simply no support for Petitioner's claim that Maybrown's appointment was for "one hearing only." The order referring Petitioner for appointment of counsel states:

> The Court has determined, pursuant to 18 U.S.C. § 3006a(2)(B), that the interests of justice require that Petitioner be appointed counsel to represent him *in this matter*.
> * * *
> IT IS ORDERED, in the interests of justice that an attorney be appointed by the CJA Panel to represent Petitioner *in the above-entitled matter.*

Dkt. No. 51 at 1 (emphasis supplied). The CJA 20 Appointment of Counsel form (Dkt. No. 52) signed by the Court places no restriction on Maybrown's representation. Petitioner may have thought that it was a one-time deal, but that does not make it so.

If, as it appears from the record, Maybrown was appointed to represent Petitioner for the remainder of the matter, then it was well within his duties to file an appellate brief on behalf of

1 his client.  Should he have notified Petitioner that the State of Washington had filed an appeal of

2 the grant of habeas?  Unquestionably.  But his failure to do so does not rise to the level of

3 reversible error; indeed, having established that the evidence indicates a "full-blown"

4 appointment as counsel of record, Maybrown's conduct is insulated by the same absence of a

5 constitutional right to counsel in postconviction proceedings that doomed Petitioner's previous §

6 2254 petition.  *See* 28 U.S.C. § 2254(i); C18-708, Dkt. No. 52, Order Denying Petitioner's

7 Second Habeas Petition at 3-4.

Furthermore, Petitioner's FRCP 60(b) request faces an insurmountable procedural problem.  FRCP 60(b) permits the Court to "relieve a party… from a final judgment, order, or proceeding."  But from what "final judgment, order, or proceeding" would this Court be relieving Petitioner?  The action of which Rishor complains – Maybrown's responding to the notice of appeal with an allegedly faulty brief without advising or consulting with him – occurred <u>after</u> the grant of Petitioner's motion for reconsideration and habeas petition by this Court.

Although Petitioner indicated that "It would seem that a nunc pro tunc order back to December 3, 2014, could fix the problem" (Dkt. No. 78, Motion at 6), he is clearly not seeking to undo the results of the December 3, 2014 ruling.  It is the events <u>following</u> the order issued on December 3, 2014 for which he seeks a "do-over;" i.e., at the point of the filing of the notice of appeal by the State of Washington.  From that point forward, there was no "final judgment, order, or proceeding" in this court from which to relieve Petitioner.  His remedy, if he has one, lies with the Ninth Circuit Court of Appeals.

## **Conclusion**

Petitioner is barred both substantively and procedurally from any relief from this Court under FRCP 60(b). There is no evidence to indicate that his appointed counsel did anything so improper that it calls into question "the integrity of the federal habeas proceedings," and it does not appear that this Court has jurisdiction to offer Petitioner the FRCP 60(b) relief he seeks even if it did.

Petitioner's motion is DENIED.

The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

Dated September 18, 2019.

Marsha J. Pechman
United States Senior District Judge